IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RONNIE ASKEW,                          :
                                       :
            Plaintiff,                 :    CIVIL ACTION
                                       :
     v.                                :    No. 05-cv-5915
                                       :
CSX TRANSPORTATION, INC.,              :
                                       :
            Defendant.                 :

MEMORANDUM AND ORDER

Joyner, J.                                  September 22, 2008

     Plaintiff, Ronnie Askew, a resident of Saginaw, Michigan,
has filed suit against his employer, Defendant, CSX
Transportation, Inc. ("CSX"), under the Federal Employees'
Liability Act ("FELA"), 45 U.S.C. §§ 51-60, the Federal Safety
Appliance Acts, 45 U.S.C. §§ 1-16, and the Boiler Inspection
Acts, 45 U.S.C. §§ 22-34.  Plaintiff has alleged that he suffers
from carpal tunnel syndrome because of repetition, force and
awkward wrist postures that occurred during the scope of his
employment.  Plaintiff alleges that his injuries are the result
of negligence, carelessness and recklessness on the part of the
defendant.  Arguing the doctrine of forum non conveniens,
defendant filed a motion to transfer venue to the Eastern
District of Michigan.  The motion is denied for the following
reasons.

1

DISCUSSION

Under 28 U.S.C. § 1404(a), "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought."  As further circumscribed in 45 U.S.C. § 56, FELA's venue provision, such "an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action."  Neither party disputes that venue would be proper in the Eastern District of Michigan.[1]

Once it has been established that another forum would be proper, the defendant bears the burden of showing, on the balance of identified public and private factors, the considerations weigh "strongly" in favor of transfer.  Gulf Oil v. Gilbert, 55 U.S. 501, 508, 67 S.Ct. 839, 843 (1947).  The complete list of private factors set out by Gulf Oil were further articulated by the Third Circuit in Jumara v. State Farm Ins. Co., 55 F. 3d 873,

---

[1] Plaintiff currently resides in Saginaw, Michigan, and worked from 1978 until 2005 primarily in and around Eastern Michigan.  Defendant also does business in and around Saginaw, Michigan.  Hence, under 45 U.S.C. § 56, venue would be proper in the Eastern District of Michigan.

879 (3d Cir. 1995), and include,

> [T]he plaintiff's forum preference; defendant's
> preference; whether the claim arose elsewhere; the
> convenience of the parties as indicated by their
> relative physical and financial conditions; the
> convenience of the witnesses, but only to the extent
> that the witnesses may actually be unavailable for
> trial in one of the fora, and the locations of books
> and records.

Named public factors include,

> enforceability of judgment; practical considerations
> that could make the trial easy, expeditious or
> inexpensive; the relative administrative difficulty in
> the two fora resulting from court congestion, the local
> interest in deciding local controversies at home, the
> public policies of the fora, and the familiarity of
> trial judges with the state law for diversity cases.
> Id.

Within this framework, courts have given great deference to
the plaintiff's choice of forum. Piper Aircraft Co. v. Reyno,
454 U.S. 235, 255, 102 S. Ct. 252 (1981); Kielczynski v.
Consolidated Rail Corp., 837 F. Supp. 687, 689 (E.D. Pa. 1993).
Notably, however, when a plaintiff has not brought suit in his
home forum and the cause of action did not occur in the forum, as
alleged here, the choice is given less weight. Piper Aircraft
Co., 454 U.S. at 255-56; Kielczynski, 837 F. Supp. at 689.
Conversely, in cases brought under FELA, the plaintiff's choice
of forum has been held in particularly high regard and has been
called a "substantial right." Boyd v. Grand Trunk Western R.R.
Co., 338 U.S. 263, 266, 70 S. Ct. 26 (1959) (per curiam).
Additionally, in cases involving FELA, courts have held that the

3

plaintiff's choice of forum requires notable deference, notwithstanding plaintiff's residence or the location of the underlying actions in the case.  Szabo v. CSX Transportation, Inc., 2006 U.S. Dist. LEXIS 3862, 2006 WL 263625, at *4 (E.D. Pa. Feb. 1, 2006); Luther v. Consolidated Rail Corp., 1999 U.S. Dist. LEXIS 8119, 1999 WL 387075, at *2 (E.D. Pa. May 25, 1999). Hence, on balance, the plaintiff's choice of forum continues to hold substantial weight and the defendant must demonstrate "a clear case of convenience, definitely and unequivocally" to be granted transfer.  Richards v. Consolidated Rail Corp., 1994 U.S. Dist. LEXIS 14985, 1994 WL 586009, at *2 (E.D. Pa. Oct. 18, 1994). The defendant properly framed his motion within the framework of these factors.  However, the defendant has failed to overcome the deference given the plaintiff's choice.

In arguing for transfer based largely on convenience, the defendant argues that the plaintiff resides exclusively in Saginaw, Michigan, and that the alleged injury occurred in and around Saginaw, Michigan.  Further, defendant persuasively argues that the majority of likely witnesses, including the treating physicians, reside in Michigan and that travel for them to Philadelphia would be inconvenient.  Defendant has provided an affidavit from Mr. Koelsch, a likely witness, that explains how travel to Philadelphia would be an inconvenience due to financial

4

and time constraints.  Finally, CSX argues that the court docket
is lighter in the Eastern District of Michigan and that the
community of the Eastern District of Michigan has a greater
interest in the case, as it concerns Michigan residents.


     While providing some showing of inconvenience, defendant has
not shown that the balance strongly favors transfer.  In moving
for transfer due to forum non conveniens, defendants have the
sole responsibility of identifying the key witnesses to be called
at trial.  Coble v. Consolidated Rail Corp., 1992 LEXIS 12761,
1992 WL 210325, at *5-6 (E.D. Pa. Aug. 26, 1992).  Following the
factors in Gulf Oil, as articulated by the Third Circuit in
Jumara, the consideration is not simply that the forum is
inconvenient for the witnesses, but that the witness would be
"unavailable" for trial.  55 F. 3d at 879.  Defendants have
identified one witness, Mr. Kolesch, a supervisor of Mr. Askew,
who attests that it would be very inconvenient for him to travel
to Philadelphia; however, he does not assert that he would be
unwilling or unable to come.  Koelsch Aff.  Additionally, Mr.
Koelsch, as well as the other possible witnesses that the defense
mentions, are all in the employ of CSX and, as such, would
presumably be asked to appear by their employer, obfuscating the
need for compelling their testimony.  See Szabo, 2006 U.S. Dist.
LEXIS 3862, 2006 WL 263325 at *5; Richards, 1994 U.S. Dist. LEXIS

14985, 1994 WL 586009 at *2.  Finally, while defendant asserts
that other supervisors and co-workers who may be called as
witnesses also reside in Michigan, no other witness to the
incidents in question is explicitly identified beyond Mr.
Koelsch.

Defendants also argue that travel for Mr. Askew's treating
physicians would be inconvenient, as four out of five physicians
practice in Michigan.  However, as plaintiff notes, the relevant
physicians will be made available by the plaintiff and will
likely testify by video.  Further, the defendant's physician who
examined the plaintiff is local to the Philadelphia area and
could conveniently testify.  Finally, the convenience of defense
witness is traditionally given less weight when the defendant is
a transportation company, as is the case here.  Richards, 1994
U.S. Dist. LEXIS 14985, 1994 WL 5896009, at *3.  Hence, while
defendants validly argue that travel from Michigan to
Pennsylvania will impose a burden on the witnesses to this case,
this burden has only been concretely identified for one defense
witness and is further outweighed by the defendant's status as a
common carrier.

Defendant has also argued that the public interest would be
served by transfer, as defendant alleges that the underlying

6

cause of action arose in Michigan and that the general public there would have a larger interest in the case.  However, plaintiff contends that he worked not only in Michigan, but in parts of Pennsylvania as well.  As the alleged injury is one of repetition, it would be impossible to pin point the exact location at which the injury occurred.  Further, CSX operates its trains and employs its crews in and around the Eastern District of Pennsylvania.  Hence, it is not clear that the Eastern District of Michigan has a more compelling public interest in the case.

Finally, this case was originally filed in this court in November of 2005 and has been through discovery in the Eastern District of Pennsylvania since that time.  The delay that could be imposed on the resolution of this case is a factor that courts may consider in deciding whether to transfer venue.  Jones v. BCJ Trucking, Inc., 1993 U.S. Dist. LEXIS 6982, 1993 WL 183836, at *5 (E.D. Pa. May 27, 1993).  A transfer of venue to the Eastern District of Michigan will likely impose further delays in bringing this case to conclusion, and while not determinative of the outcome, such a delay further justifies the denial of this motion.  Defendant's Motion for Transfer for Venue is therefore DENIED.

An order follows.

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

RONNIE ASKEW                              :
                                          :
              Plaintiff,                  :     CIVIL ACTION
                                          :
      v.                                  :     No. 05-cv-5915
                                          :
CSX TRANSPORTATION, INC.,                 :
                                          :
              Defendant.                  :


<u>ORDER</u>

    AND NOW, this  22nd  day of September, 2008, upon
consideration of Defendant's Motion for Transfer of Venue (Doc.
No. 8), and responses thereto, it is hereby ORDERED that the
Motion is DENIED.



                              BY THE COURT:



                              s/J. Curtis Joyner
                              J. CURTIS JOYNER, J.

8